## IN THE CIRCUIT COURT OF THE 13TH JUDICIAL
## CIRCUIT HILLSBOROUGH COUNTY
## FLORIDA CIVIL DIVISION

JAMES M. CUYLER )
     **Plaintiff** )
      )
     V. )
      )
BAY PINES VA HEALTHCARE )
SYETEM,TAMMY KENNDY; CHIEF )
COUNSEL, IMTIAZ A. MUNSHI; MD )
CHIEF SURGERY, & TAREN SAVAGE )
     **Defendants** /

**Civil Action No:** 23-CA-000835 DIV A

**Jury Trial Demanded**

CLERK OF CIRCUIT COURT
JAN 30 2023 AM11:48

## COMPLAINT FOR RETALIATION AND HARASSMENT IN VIOLATION OF FLORIDA STATUTES TITLE-X 112.3187-112.31895, AND ADA ACT OF 1990 FOR COMPLAINING OF VIOLATIONS OF FEDERAL, STATE, AND LOCAL RULES, REGULATIONS AND LAWS

Comes now, plaintiff in the above style action, and files this

**Complaint** for **Retaliation and Harassment** against the above named

defendants for violating plaintiff's State and Federals rights under the

constitution, ("which forbids agencies or employers to retaliate against any

person or employee, who engage in protected activities") under the color of

state and federal law provision. Plaintiff will show that defendants have

intentionally, willfully, maliciously deprived plaintiff of his protected rights

under the laws of this State and the United States Constitution. Thereby

injuring plaintiff in the sum of **$4,000,000.00 (Four Million  Dollars).**

# I. NATURE OF COMPLAINT

This action is brought by James M. Cuyler a United States Disable

Veteran against BAY PINES VA HEALTHCARE SYETEM,TAMMY

KENNDY; CHIEF COUNSEL, IMTIAZ A. MUNSHI; MD CHIEF

SURGERY, and TAREN SAVAGE (**hereinafter "Defendants"** ). Plaintiff

have been treated differently than other people (who have file complaints)

in similar situations and plaintiff have been subjected to harassment, threats

of being removed from plaintiff job, suspended for the purpose of

intimidating plaintiff for exercising rights that is prohibited by State and

Federal law. Plaintiff seeks relief from these defendants, pursuant to **Florida**

**Const. Art V,** in claims arising from Violations of Constitutional Rights

guaranteed under the Sate and Federal law provision.

"Notwithstanding that the Federal sector retaliation provision of Title VII refers to personnel actions affecting employees or applicants, the commission views all employees covered by EEO-enforced anti-retaliation provision to be protected from any action that would likely deter a reasonable person from engaging in protected activity. See Caldwell V. Johnson, 289 F. App' x 579, 589 (4th Cir. 2008). Also, Alvarado V. Metro. Transp. Auth., No. 07 Civ. 3561 (DAB), 2012, WL 1132143, at *13 (S.D. N.Y. Mar. 30, 2012. "Holding that retaliation claim could proceed to trial, where "Letter of instruction" was permanently placed in the plaintiffs personnel file and could be used in future disciplinary action," a jury could find them actionable when considered in combination with a notice of discipline." see also EEOC V. L.B. Foster Co., 123 F.3d 746, 754 (3rd Cir. 1997) and Hashimoto V. Dalton, 118 F. 3d 671, 680 (9th Cir. 1997).
In Boyer-Liberto V. Fontainebleau Corp., 786 F. 3d 282, 268 (4th Cir. 2015), stated "An employee is protected from retaliation when she reports an isolated incident of harassment that is physically threatening or humiliating, (refusing to sanction the Bay Pines VAHCS Agency for violating the laws) even if a hostile work environment is not engendered by that incident alone." See also, Magyer V. Saint Joseph Reg'l Med. Ctr., 544 F. 3d 766, 771 (7th Cir. 2008). "Explaining that a Plaintiff need only have a "sincere

and reasonable belief" that she/he was opposing an unlawful practice, *so the conduct complained of need not have been persistent or severe enough to be unlawful, but need only to fall into the category of conduct prohibited by the statute;* in Baldwin V. Blue Cross/Blue Shield of Ala. 480 F. 3d 1287, 1307 (11th Cir. 2007), "Held that reasoning the Faragher- Ellerth "design" works only if employees report harassment promptly, earlier instead of later, the sooner the better." Also, Loya V. Sebelius, 840 F. Supp-2d 245, 252-253 (D.DC 2012) *"holding that it was materially adverse to move Plaintiff office to a different building in the same complex, where the move isolated her from her colleagues, made it difficult for her to complete her job duties, diminished her standing as a senior staff member, contributed to a loss of responsibilities, cut off her access to administrative support services, forced her to travel between buildings..."* see Robinson V. Shell Oil Co., 519 U.S. 337, 346 (1997), "holding that Title VII extends to protect individuals from retaliation by current, former, or prospective employers." In Learned V. City of Bellevue, 860 F. 2d 928, 932-33 (9th Cir. 1988) "It is not necessary to prove that the underlying discrimination in fact violated Title VII in order to prevail in an action charging unlawful retaliation." see also, Martinelli V. Penn Millers Ins. Co., 289 F. App'x 226, 230 (3rd Cir. 2008 ), "ruling that an employee claiming retaliation by work place harassment is no longer required to show that the harassment was severe or pervasive." EEOC V. Chrysler Grp, LLC No. 08-C- 1067, (2011) "holding that a reasonable jury could conclude employees were subjected to unlawful retaliation." also in Boyer-Liberto V. Fontainebleau Corp. (4th Cir. 2015). "holding that an employee is protected from retaliation when she opposes a hostile work environment that, although not fully formed, but is in progress."

Finally, other adverse actions are as follows:
**1)** Making false statements to government authorities (supervisors making false statements in affidavits).
**2)** Threatening reassignment or retaliation
**3)** Scrutinizing work or attendance more closely than that of other employees, without justification.
**4)** removal of supervisor responsibilities
**5)** Terminating a Union grievance process or other action to block access to otherwise available remedial mechanisms,
**6)** and any other type of adverse treatment that in the circumstances might well dissuade a reasonable person from engaging in protected activity.

This action is for Defendants continuous and malicious acts of

threatening letters and emails about plaintiff performance, which started

after plaintiff filed an EEOC complaint and federal lawsuit. Defendants

intentional, willful, and malicious acts have violated State and federal law.

Thereby, giving plaintiff the right to file suit in this court.

## II. JURISDICTION AND VENUE

Plaintiff claim State Court jurisdiction pursuant to Florida Const. Law **Article V,** cases that arising under the U.S. Constitution. Also, this Court has jurisdiction pursuant to **TITLE-X 112.3187-112.31895, AND ADA ACT OF 1990. Also, under (concurrent jurisdiction) the color of State and Constitutional law.**

## III. PARTIES

### 1.

**Plaintiff; James M. Cuyler, Is a resident of 13913 Windy Knoll Dr., Riverview, FL 33579.**

### 2.

**Defendants are, Tammy Kennedy; Chief Counsel, whom address is 140 Fountain Parkway, Suite 520 St. Petersburg, FL 33716, Imtiaz A. Munshi MD Chief of Surgery, Taren Savage, Bay Pines VA Healthcare System, whom may be serve at 10000 Bay Pines Blvd, Bay Pines FL 33744.**

## IV. <u>Counts of Retaliation and Harassment</u>

### 1.

Bay Pines managers, **Imtiaz A. Munshi MD Chief of Surgery and Taren Savage** continue to threaten and retaliate against Plaintiff. Wherein, Plaintiff have been **suspended twice (without pay)** after filing an

EEOC complaint. The code of federal regulations, State, and Civil Rights laws (ADA Act of 1990) prohibit any form of retaliation against any state or federal employee who files or participate in a complaint with the EEOC.

### 2.

Bay Pines managers, **Imtiaz A. Munshi MD Chief of Surgery and Taren Savage** continue to threaten and retaliate against plaintiff. Wherein, they recently sent Plaintiff a letter proposing to remove plaintiff from his position, after plaintiff file an EEOC complaint. The code of federal regulations, State, and Civil Rights laws (ADA Act of 1990) prohibit any form of retaliation against any State or Federal employee who files or participate in a complaint with the EEOC.

### 3.

Plaintiff have multiple emails to show that defendants have harass plaintiff after plaintiff filed and EEOC complaint. The code of federal Regulations, State, and Civil Rights laws (ADA Act of 1990) prohibit any form of retaliation against any state or federal employee who files or participate in a complaint with the EEOC.

### 4.

Tammy Kennedy aided and abetted **Imtiaz A. Munshi MD Chief of Surgery and Taren Savage** to help cover up claims of discrimination,

retaliation and harassment **in violation of the Americans with Disabilities Act of 1990,** after plaintiff had filed an EEOC complaint and lawsuit.

*"Florida Rules of Professional Conduct for Lawyers: Rule 4-8-4 "A lawyer who commits fraud in the conduct of a business is subject to discipline for engaging in conduct involving Dishonesty, fraud, deceit, or misrepresentation." Rule 4-1.2(b) "A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows or reasonably should know is criminal or fraudulent." "The lawyer is required to avoid assisting the client, for example, by drafting or delivering documents that the lawyer knows are fraudulent or by suggesting how the wrong doing might be concealed." "A lawyer may not continue assisting a client in conduct that the lawyer discover is criminal or fraudulent."*

**5.**

Defendants admission of Retaliation and Harassment is the threaten letter attached. Defendants actions are clearly in violation of the State and Federal law.

## V. INCONCLUSION

Wherefore, plaintiff **demands a trial by jury** and so hereby asking for the following: **$4,000,000.00 (Four Million dollars). $1,000,000.,** (one million dollars) to be paid by **Tammy Kennedy, Chief Counsel** and

**$1,000,000.00 (One Million dollars)** to be paid by **Imtiaz A. Munshi MD Chief of Surgery, $1,000,000.00 (One Million dollars)** to be paid by **Taren Savage,** and **$1,000,000.00 (One Million dollars)** to be paid by **Bay Pines VA Healthcare System.** Also, plaintiff is seeks a judgment against defendants for intentional tort, declaratory relief, injunctive relief, compensatory and punitive damages in an amount to be determined by a fair and impartial jury to be sufficient to deter the defendants in the future and such other relief as this court may deem just and proper for violating plaintiff's State and Constitutional civil rights; which has caused undue hardship, mental anguish and emotional stress. Therefore, defendants are liable as a matter of State and Constitutional law.

## VI. PRAYER FOR RELIEF

Wherefore, plaintiff respectfully prays:

1. For a judgment against defendants in the sum of amount **$4,000,000.00 (Four Million Dollars)** for defendant violation of plaintiff's statutorily protected rights.

2. For a judgment against defendants on plaintiffs complaint in an amount to be determined by a fair and impartial jury to constitute just compensation for defendants discriminatory and retaliatory acts, and punitive damages in an amount to be sufficient to deter

these defendants in the future.

3. For a jury trial on all issues triable; and for such other relief as this

   court deem just and proper.

**Respectfully submitted this** ___30___ **day of** __January__ ___, 2023.

> Respectfully,
>
> *James M Cuyler*
>
> James M.. Cuyler

**As  Soldier, I put my life on the line for this country and to be discriminated against and have my civil rights violated by the above name Defendants is unconstitutional and a disgrace to the men and women that are serving and have served in the Military.**

# IN THE CIRCUIT COURT OF THE 13TH JUDICIAL CIRCUIT HILLSBOROUGH COUNTY FLORIDA CIVIL DIVISION

JAMES M. CUYLER )
      **Plaintiff** )
                   )
**V.** )       **Civil Action No:**
                   )    **_____**
                   )    **Jury Trial Demanded**
**BAY PINES VA HEALHCARE** )
**SYETEM,TAMMY KENNDY; CHIEF** )
**COUNSEL, IMTIAZ A. MUNSHI; MD** )
**CHIEF SURGERY, & TAREN SAVAGE** )
      **Defendants**            /

## CERTIFICATE OF SERVICE

    I, do hereby certify that a copy of this **COMPLAINT FOR RETALIATION AND HARASSMENT IN VIOLATION OF FLORIDA STATUTES TITLE-X 112.3187-112.31895, AND ADA ACT OF 1990 FOR COMPLAINING OF VIOLATIONS OF FEDERAL, STATE, AND LOCAL RULES, REGULATIONS AND LAWS** by depositing same in the United States Mail envelopes with sufficient postage affixed thereon to insure delivery addressed as follows:

    **Respectfully submitted this __30__ day of January, 2023.**

**Bay Pines VA Health Care System,**
**Imtiaz A. Munshi, MD Chief Surgery,**
**Taren Savage**
**10000 Bay Pines Blvd**
**Bay Pines, FL 33744**

**Tammy Kennedy, Chief Counsel**
**140 Fountain Parkway, Suite 520**
**St, Petersburg, FL 33716**

                                              **Respectfully,**
                                            **James M. Cuyler**

**DEPARTMENT OF VETERANS AFFAIRS**
**Bay Pines VA Healthcare System**
**Post Office Box 5005**
**Bay Pines, Florida 33744**

January 23, 2023                                    In Reply Refer To: (516/05)
                                                   Alert HR #2022-COR-18515

**FOR OFFICIAL USE ONLY**

James Cuyler, Optometry Health Technician
Surgery Service (112)
Bay Pines VA Healthcare System
Bay Pines, FL 33744

Subject:  Proposed Removal Under the Authority of 5 U.S.C. Ch. 75

1. It is proposed to remove you from employment with VA under the authority of 5 U.S.C. Ch 75 based on the following reason.

   **Background:**  You hold a position of Optometry Health Technician in the Surgery Service at the Bradenton Community Based Outpatient Clinic (CBOC).  The primary purpose of your position is to provide technician support to the optometry staff.  The routine duties include but are not limited to patient intake (history), visual acuities (clarity of vision), spectacle data by manual and automated lensometry just to name a few. In 2017, you were given a temporary accommodation to perform the repetitive tasks of visual fields while your application for disability retirement was being processed.  Visual fields are an eye test that measures all areas of vision including central and side, or peripheral vision of an optometry patient.  When your disability retirement was denied by Office of Personnel Management (OPM), Juan Ramos, Human Resource Reasonable Accommodation (RA) Specialist contacted you to continue to engage in the RA process and facilitate possible reassignment if you were unable to perform the essential functions of your position. You refused to participate in the RA process and the RA processed was closed out. Several attempts have been made to refer you to the RA group and you have continued to refuse to engage and the processed was closed out.

   The Bradenton Community Based Outpatient Clinic (CBOC) is experiencing an increase in veteran patients requesting Optometry services.  Due to the increase in veteran patient workload, your expertise is necessary to accommodate these veteran patients.  You have repeatedly been instructed both orally and in writing that you are to perform the primary purposes of your position.  You have failed to perform the essential functions of your positions as instructed to accommodate veteran optometry patients. You were put on notice that failure to follow instructions could result in disciplinary action.

   **CHARGE 1:**  Failure to follow supervisor instructions

In Re: James Cuyler
Proposed Removal
Page 2

**SPECIFICATION a:** On July 18, 2022, your scheduled tour of duty was 7:45 a.m. until 4:15 p.m. You failed to leave the visual field room and perform other duties as assigned. You failed to adhere to the notice of expectations to carry out the primary purposes of your position as listed in your position description and as instructed by your supervisor and service chief. Therefore, you are charged with failure to follow supervisor instruction and your actions are in violation of Bay Pines VAHCS Memorandum 516-18-05-053, Codes of Conduct.

**SPECIFICATION b:** On July 20, 2022, your scheduled tour of duty was 7:45 a.m. until 4:15 p.m. You failed to leave the visual field room and perform other duties as assigned. You failed to adhere to the notice of expectations to carry out the primary purposes of your position as listed in your position description and as instructed by your supervisor and service chief. Therefore, you are charged with failure to follow supervisor instruction and your actions are in violation of Bay Pines VAHCS Memorandum 516-18-05-053, Codes of Conduct.

**SPECIFICATION c:** On July 21, 2022, your scheduled tour of duty was 7:45 a.m. until 4:15 p.m. You failed to leave the visual field room and perform other duties as assigned. You failed to adhere to the notice of expectations to carry out the primary purposes of your position as listed in your position description and as instructed by your supervisor and service chief. Therefore, you are charged with failure to follow supervisor instruction and your actions are in violation of Bay Pines VAHCS Memorandum 516-18-05-053, Codes of Conduct.

**SPECIFICATION d:** On July 25, 2022, your scheduled tour of duty was 7:45 a.m. until 4:15 p.m. You failed to leave the visual field room and perform other duties as assigned. You failed to adhere to the notice of expectations to carry out the primary purposes of your position as listed in your position description and as instructed by your supervisor and service chief. Therefore, you are charged with failure to follow supervisor instruction and your actions are in violation of Bay Pines VAHCS Memorandum 516-18-05-053, Codes of Conduct.

**SPECIFICATION e:** On July 27, 2022, your scheduled tour of duty was 7:45 a.m. until 4:15 p.m. You failed to leave the visual field room and perform other duties as assigned. You failed to adhere to the notice of expectations to carry out the primary purposes of your position as listed in your position description and as instructed by your supervisor and service chief. Therefore, you are charged with failure to follow supervisor instruction and your actions are in violation of Bay Pines VAHCS Memorandum 516-18-05-053, Codes of Conduct.

**SPECIFICATION f:** On July 28, 2022, your scheduled tour of duty is 7:45 a.m. until 4:15 p.m. You failed to leave the visual field room and perform other duties as assigned. You failed to adhere to the notice of expectations to carry out the primary purposes of your position as listed in your position description and as instructed by your supervisor and service chief. Therefore, you are charged with failure to follow

In Re: James Cuyler
Proposed Removal
Page 3

supervisor instruction and your actions are in violation of Bay Pines VAHCS Memorandum 516-18-05-053, Codes of Conduct.

**SPECIFICATION g:** On July 29, 2022, your scheduled tour of duty was 7:45 a.m. until 4:15 p.m. You failed to leave the visual field room and perform other duties as assigned. You failed to adhere to the notice of expectations to carry out the primary purposes of your position as listed in your position description and as instructed by your supervisor and service chief. Therefore, you are charged with failure to follow supervisor instruction and your actions are in violation of Bay Pines VAHCS Memorandum 516-18-05-053, Codes of Conduct.

**SPECIFICATION h:** On August 1, 2022, through August 5, 2022, your scheduled tour of duty was 7:45 a.m. until 4:15 p.m. Each one of these five (5) scheduled days is a separate offense. You failed to leave the visual field room and perform other duties as assigned. You failed to adhere to the notice of expectations to carry out the primary purposes of your position as listed in your position description and as instructed by your supervisor and service chief. Therefore, you are charged with failure to follow supervisor instruction and your actions is in violation of Bay Pines VAHCS Memorandum 516-18-05-053, Codes of Conduct.

**SPECIFICATION i:** On August 10, 2022, through August 12, 2022, your scheduled tour of duty was 7:45 a.m. until 4:15 p.m. Each one of these three (3) scheduled days is a separate offense. You failed to leave the visual field room and perform other duties as assigned. You failed to adhere to the notice of expectations to carry out the primary purposes of your position as listed in your position description and as instructed by your supervisor and service chief. Therefore, you are charged with failure to follow supervisor instruction and your actions are in violation of Bay Pines VAHCS Memorandum 516-18-05-053, Codes of Conduct.

**SPECIFICATION j:** On August 14, 2022, through August 26, 2022, your scheduled tour of duty was 7:45 a.m. until 4:15 p.m. Each one of these ten (10) scheduled days is a separate offense. You failed to leave the visual field room and perform other duties as assigned. You failed to adhere to the notice of expectations to carry out the primary purposes of your position as listed in your position description and as instructed by your supervisor and service chief. Therefore, you are charged with failure to follow supervisor instruction and your actions are in violation of Bay Pines VAHCS Memorandum 516-18-05-053, Codes of Conduct.

**SPECIFICATION k:** On August 27, 2022, through September 9, 2022, your scheduled tour of duty was 7:45 a.m. until 4:15 p.m. Each one of these nine (9) scheduled days is a separate offense. You failed to leave the visual field room and perform other duties as assigned. You failed to adhere to the notice of expectations to carry out the primary purposes of your position as listed in your position description and as instructed by your supervisor and service chief. Therefore, you are charged with failure to follow supervisor instruction and your actions are in violation of Bay Pines VAHCS Memorandum 516-18-05-053, Codes of Conduct.

Standard Form 50
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296–33, Subch. 4

# NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|---|
| CUYLER, JAMES M | | ▮▮▮▮▮ | 02/23/1971 | 06/12/2022 |

| **FIRST ACTION** | | | **SECOND ACTION** | |
|---|---|---|---|---|

| 5-A. Code | 5-B. Nature of Action | | 6-A. Code | 6-B. Nature of Action |
|---|---|---|---|---|
| 450 | SUSPENSION NTE   06/25/2022 | | | |
| 5-C. Code | 5-D. Legal Authority | | 6-C. Code | 6-D. Legal Authority |
| VAC | 5 U.S.C. 7502.  SUSPEN- SION FOR 14 DAYS OR LESS | | | |
| 5-E. Code | 5-F. Legal Authority | | 6-E. Code | 6-F. Legal Authority |
| | | | | |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| HEALTH TECHNICIAN (OPTOMETRY)<br>PD: 000000<br>POSITION: 90047368 | |

| 8. Pay Plan | 9. Occ. Code | 10. Grade or Level | 11. Step or Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade or Level | 19. Step or Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GS | 0640 | 07 | 10 | $58,158.00 | PA | | | | | | |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| $50,050.00 | $8,108.00 | $58,158.00 | $0 | | | | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| VETERANS HEALTH ADMINISTRATION<br>SURGICAL CARE<br><br><br>BAY PINES FL USA | |

| **EMPLOYEE DATA** | | | | | |
|---|---|---|---|---|---|

| 23. Veterans Preference | | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF | |
|---|---|---|---|---|---|
| 6 | 1 – None          3 – 10-Point/Disability          5 – 10-Point/Other<br>2 – 5-Point     4 – 10-Point/Compensable     6 – 10-Point/Compensable/30% | 1 | 0 – None          2 – Conditional<br>1 – Permanent     3 – Indefinite | | X  YES          NO |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| C0   BASIC ONLY | 9    NOT APPLICABLE | 0 |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part–Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| K    FERS AND FICA | 07/18/1993 | F    FULL TIME | |

| **POSITION DATA** | | | |
|---|---|---|---|

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 2 | 1 – Competitive Service     3 – SES General<br>2 – Excepted Service     4 – SES Career Reserved | N | E – Exempt<br>N – Nonexempt | 8232-2280 | 1272 |

| 38. Duty Station Code | 39. Duty Station (City – County – State or Overseas Location) |
|---|---|
| 12-0340-081 | BRADENTON   FL |

| 40. Agency Data | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| 516K | | | | |

45. Remarks

FEGLI COVERAGE CONTINUES UNTIL YOUR TIME IN NONPAY STATUS TOTALS 12 MONTHS.  CONTACT YOUR SERVICING HUMAN
RESOURCES OFFICE OR SEE THE FEGLI HANDBOOK AT HTTP://WWW.OPM.GOV/INSURE FOR DETAILED INFORMATION.
SERVICE CREDIT FOR RETIREMENT, REDUCTION-IN-FORCE, AND LEAVE ACCRUAL PURPOSES CONTINUES FOR UP TO A
MAXIMUM OF 6 MONTHS IN NONPAY STATUS PER CALENDAR YEAR.
FORWARDING ADDRESS: 3136 BELLERICAY LANE LAND O LAKES, FL 34168
REASON FOR SUSPENSION:  FAILURE TO FOLLOW INSTRUCTIONS
IF YOU ENTER A LEAVE WITHOUT PAY STATUS OR ANY OTHER TYPE OF NONPAY STATUS OR YOUR PAY IS INSUFFICIENT TO
COVER YOUR FEHB PREMIUM, THEN YOU MUST ELECT TO EITHER:  (1) TERMINATE YOUR ENROLLMENT IN FEHB, OR (2)
CONTINUE IT FOR UP TO 365 DAYS AND AGREE TO PAY THE PREMIUM OR INCUR A DEBT.  IF YOU DO NOT ELECT TO
TERMINATE OR CONTINUE YOUR ENROLLMENT, IT AUTOMATICALLY TERMINATES AT THE END OF THE LAST PAY PERIOD IN
WHICH YOU PAID PREMIUMS.  CONTACT YOUR SERVICING HUMAN RESOURCES OFFICE OR SEE FEHB HANDBOOK AT
HTTP://WWW.OPM.GOV/INSURE FOR DETAILED INFORMATION.

| 46. Employing Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| VETERANS HEALTH ADMINISTRATION | ELECTRONICALLY SIGNED BY: |
| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | JESSICA J. GARRETT |
| VATA | 1223 | 06/16/2022 | CHIEF HUMAN RESOURCES OFFICER |

5–Part 50–316

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540-01-333-6238

# EVIDENCE FILE RELEASE &
# ORAL RESPONSE INFORMATION

Evidence File For: _____**James Cuyler**_____
                            Employee Name

This is to certify that on the following date I received a true copy of the original file relating to my proposed action.

_____                        __1 – 30 – 23__
(Employee Signature)                                          (Date)

**Your oral response has been scheduled for:** ___**02/09/23**___ / ___**1:15 p.m.**___
                                                            **Date**          **Time**

---

In accordance with the Supplemental Agreement between Bay Pines VA Healthcare System and American Federation of Government Employees, Local 548, Article 14: Discipline, Section 4A, Disciplinary and Adverse Action Letters (Proposed and Decision): "When a proposed disciplinary or adverse action is issued to an employee, the employee may have a Union representative present. Issuance of a proposed disciplinary or adverse action shall not be delayed in order for the employee to obtain a specific Union representative."

Union Rep (Print Name): _____

**OR**

I have been offered Union representation but decline: _____
                                                                            Employee Signature

---

**NOTE TO EMPLOYEE: Make a copy of this form to provide to your Union representative.**

PLEASE
SIGN/DATE
and
RETURN to
HR