# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JAMES M. CUYLER,

    Plaintiff,

v.   Case No. 8:23-cv-347-WFJ-SPF

BAY PINES VA HEALTH
CARE SYSTEMS, TAMMY
KENNEDY, IMTIAZ MUNSHI,
and TAREN SAVAGE,

_____/

## ORDER

Before the Court is Plaintiff James M. Cuyler's Motion to Disqualify the undersigned and accompanying affidavit, filed pursuant to 28 U.S.C. §§ 144 and 455. Dkt. 12. After careful review, the Court finds that Plaintiff's allegations and statements do not objectively create significant doubt as to the undersigned's fairness and impartiality.[1]

Plaintiff fails to offer facts, as opposed to mere speculative allegations, that evidence partiality.[2] The filing of a judicial qualifications complaint alone does not mandate recusal.[3] To the extent Plaintiff takes issue with adverse prior rulings

---

[1] *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000); *see also In re Moody*, 755 F.3d 891, 894–95 (11th Cir. 2014) (*per curiam*).
[2] *See United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999).
[3] *See State v. Banner*, 178 So. 3d 12, 14 (Fla. 5th DCA 2014); *Edwards-Freeman v. State*, 138 So. 3d 507, 509 (Fla. 4th DCA 2014).

in another case before this Court, such rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt.[4]

Because the motion fails to state sufficient grounds or demonstrate that any reasonable individual could entertain significant doubt about the impartiality of the undersigned, the recusal motion (Dkt. 12) is denied.

**DONE AND ORDERED** at Tampa, Florida, on March 13, 2023.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Plaintiff, *pro se* and Counsel of record

---

[4] *United States v. Singletary*, 196 F. App'x 819, 820 (11th Cir. 2006).