UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES M. CUYLER,

    Plaintiff,

v.   Case No. 8:23-cv-347-WFJ-SPF

BAY PINES VA HEALTH
CARE SYSTEMS, TAMMY
KENNEDY, IMTIAZ MUNSHI,
and TAREN SAVAGE,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff's Motion to Disqualify Magistrate Judge Sean Flynn (Doc. 21), filed pursuant to 28 U.S.C. § 455. In support of his motion, Plaintiff alleges that the undersigned has "ignored" Plaintiff's "Request for Emergency Hearing" (Doc. 20), and "Objection to the Removal of the Case from State Court."[1] Plaintiff is mistaken as neither filing has been referred to the magistrate judge. In addition, Plaintiff alleges that the undersigned has ignored Rule 16, Federal Rules of Civil Procedure, but once again Plaintiff is mistaken. The undersigned has not been directed by the district judge to enter a scheduling order or to preside over a case management conference.[2]

---

[1] The Court assumes Plaintiff is referring to "Plaintiff's Objection to Notice of Removal to United States District Court" (Doc. 10).

[2] The Court notes that the parties have not filed a case management report as required by Local Rule 3.02(a)(2). *See* Notice of Local Rule 1.07(c), Local Rule 3.02(a)(2), and Local Rule 3.03 (Doc. 4).

Notwithstanding the above, a magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). "Bias sufficient to disqualify a judge under section 455(a) and section 455(b)(1) must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999) (quotations omitted). "Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (citations omitted); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). Likewise, a judge's delay in ruling does not constitute the sort of pervasive bias that necessitates disqualification. *See Loranger v. Stierheim*, 10 F.3d 776, 780-81 (11th Cir. 1994). Upon consideration of this matter, the Court finds no basis for disqualification.

Accordingly, Plaintiff's Motion to Disqualify Magistrate Judge Sean Flynn (Doc. 21) is **DENIED**.

**ORDERED** in Tampa, Florida, this 21st day of July 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE