## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JAMES M. CUYLER,

      Plaintiff,

v.                             Case No. 8:23-cv-347-WFJ-SPF

BAY PINES VA HEALTH CARE
SYSTEMS, TAMMY KENNEDY,
IMTIAZ MUNSHI, and
TAREN SAVAGE,

      Defendants.

_____/

## <u>ORDER</u>

Before the Court is Defendants' motion to dismiss the complaint (Dkt. 16) and Plaintiff's response (Dkt. 17). After careful consideration of the allegations of the complaint (Dkt. 1-1), the submissions, and the applicable law, the Court concludes the complaint is due to be dismissed with leave to amend.

## BACKGROUND

Plaintiff James Cuyler, proceeding *pro se*, initially filed his complaint in state court against his employer, the United States Department of Veterans Affairs ("VA"), and three employees of the VA: Tammy Kennedy, Imtiaz Munshi, and Taren Savage. *See* Dkts. 1; 1-1. Plaintiff alleges retaliation and harassment in violation of 1) Florida Statutes, Title X 112.3187–112.31895, and 2) the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*.

Plaintiff also seeks relief under Article V of the Florida Constitution as well as various unnamed and unspecified provisions of the Florida Constitution and the United States Constitution.  The VA removed this action from state court.  The complaint alleges the following facts, which the Court presumes are true.

Plaintiff is employed by the VA.  Plaintiff works as an Optometry Health Technician in the surgery service at the Bradenton Community Based Outpatient Clinic.  Dkt. 1-1 at 10.  At some point during his employment, Plaintiff filed an EEOC complaint.[1]  He alleges that the Defendants retaliated against him and harassed him after he filed the EEOC complaint.  Plaintiff lists in bare-bones fashion the adverse actions taken against him such as: 1) he was the subject of supervisors' "false statements to government authorities" in affidavits; 2) he was threatened with reassignment; 3) his work was scrutinized more closely than that of other employees; 4) his supervisor responsibilities were removed; 5) his union grievance was terminated or otherwise blocked; and 6) he was suspended twice without pay.  *Id*. at 3, 4, 13.  He alleges that Defendants' actions were a cover-up for their discrimination, harassment, and retaliation.  *See id*. at 5–6.

Finally, on January 23, 2023, the VA sent Plaintiff a proposal of removal from his position.  *Id*. at 5, 10–12.  The proposal sets forth 34 separate violations of

---

[1] Plaintiff does not identify the date he filed the EEOC complaint, nor does he attach a copy to the judicial complaint.

Bay Pines's Code of Conduct.  *Id*. at 11–12.  All infractions involve his disregard for supervisor instruction, specifically failing "to leave the visual field room and perform other duties as assigned" and "to adhere to the notice of expectations to carry out the primary purposes" of his position.  *Id*.  Plaintiff does not concede the violations.[2]

Defendants move to dismiss and contend that Plaintiff, as an employee of the VA, cannot obtain relief under the identified statutes and constitutional provisions cited in the complaint.  The Court addresses these and related issues concerning the viability of Plaintiff's case, including whether the factual allegations implicate potential claims.

## PLEADING STANDARDS

The Court accepts all factual allegations, not legal conclusions, as true and draws all reasonable inferences from those facts in the light most favorable to the plaintiff.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)) (concerning reasonable inferences); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (stating legal conclusions "couched" as facts need not be accepted as true).[3]  To survive a motion to dismiss filed pursuant to

---

[2] Although the complaint does not reveal what happened after his removal was proposed, Plaintiff attaches to his motion for summary judgment a letter dated February 27, 2023, which rescinds the January 23 proposal of removal.  Dkt. 14-4.

[3] *See also Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) (stating "legal conclusions masquerading as facts" will not prevent dismissal).

Rule 12(b)(6), Fed. R. Civ. P., the complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While Rule 8(a) does not require detailed allegations, it does require more than mere "labels and conclusions." *Id*. (quoting *Twombly* at 555).

Pro se pleadings are held to a "less strict standard than pleadings filed by lawyers and thus are construed liberally." *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nevertheless, the Court will not "rewrite an otherwise deficient pleading to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)). *Pro se* litigants must still conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)).

## DISCUSSION

The essence of the complaint seeks redress for disability-based discrimination and retaliation. Plaintiff relies on three specific authorities.

First, Article V of the Florida Constitution does not create a private right of action for a federal employee against his employer for harassment or retaliation.

Article V is titled "Judiciary" and delineates the jurisdiction of the state courts, sets forth eligibility for state justices and judges, and covers other general provisions concerning the judiciary.

Second, neither does Title X, § 112.3187–112.31895 of the Florida Statutes provide a means to sue a federal employer.  This part of the statutes applies to "state, regional, county, local, or municipal government" entities and employees of those entities.

The third authority warrants discussion in greater detail.  The ADA is addressed in conjunction with other federal statutes.

### *ADA and Rehabilitation Act*[4]

The ADA does not subject the VA to liability for employment discrimination.  *See* 42 U.S.C. § 12111(2) (defining "covered entity" to include employer), § 12111(5)(B)(i) (excluding United States from the term "employer").  Rather, the VA falls within the purview of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701 *et seq.*  "[T]he Rehabilitation Act provides the exclusive remedy for federal employees seeking damages and relief for work-place discrimination based on disability."  *Lapar v. Potter*, 395 F. Supp. 2d 1152, 1157 (M.D. Fla. 2005) (citation omitted).

---

[4] For clarification, Title VII is invoked when a federal employee claims discrimination based on race or national origin.  *Ramirez v. Sec'y, U.S. Dep't of Transp.*, 686 F.3d 1239, 1243 (11th Cir. 2012).

The Rehabilitation Act prohibits any "otherwise qualified individual . . . , solely by reason of her or his disability, [from] be[ing] excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C. § 794(a); *see Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000).  Under both the ADA and Rehabilitation Act, the same standards are used to establish liability for discrimination and retaliation.  *J.S., III by & through J.S. Jr. v. Houston Cnty. Bd. of Educ.*, 877 F.3d 979, 985 (11th Cir. 2017); *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000).  For purposes of this motion to dismiss, the Court construes the complaint as one brought under the Rehabilitation Act.  *See, e.g., Garrett v. Postmaster Gen. U.S. Postal Servs.*, 725 F. App'x 782, 784 (11th Cir. 2018) (construing U.S. postal worker's ADA claim as one brought under the Rehabilitation Act); *Webb v. Donley*, 347 F. App'x 443, 445 n.1 (11th Cir. 2009) (same for U.S. Air Force employee).

To state a claim of disability discrimination, Plaintiff must allege that he has a 1) disability, he is 2) "an otherwise qualified" individual, and he was 3) subjected to unlawful discrimination as the result of his disability.  *Sutton v. Lader*, 185 F.3d 1203, 1207 (11th Cir. 1999).  At the outset, Plaintiff's disability is not identified within the four corners of complaint or elsewhere.  The only indication in this entire court file of the nature of his disability appears on a single page extracted

6

from an unspecified document.  The page, author unknown, refers to Plaintiff's chronic foot pain, major depression, migraines, memory loss, and traumatic brain injury.  Dkt. 14-6 at 2.  Whatever disabilities Plaintiff considers pertinent to his claim must be alleged and stated in the complaint, preferably with supporting facts such as dates of onset and whether the disability existed at the time of the alleged discrimination.

In addition to the disability or disabilities, the adverse employment action must be identified with supporting facts.  It is unclear from the complaint or its attachments what and when any adverse action occurred.  Nothing describes what and when any "false statements" were made or who made them.  The same holds true for his "threatened reassignment" and any "supervisor responsibilities" removed.  There are no facts supporting his claim that his work was scrutinized more closely than that of other comparable employees.  Plaintiff fails to name any comparators.  Finally, to the extent Plaintiff relies on the proposed removal letter of January 2023 as an adverse action, this record contains a letter dated February 27, 2023, to Plaintiff from Defendant Munshi rescinding the proposed removal letter.  Dkt. 14-4.

Not only is the complaint deficient in alleging an adverse action, but it fails to show the causal connection between an articulated adverse employment action and Plaintiff's disability.  The complaint must set forth facts to support a claim that

Plaintiff suffered the particular adverse action "because of" or "solely by reason of" his handicap.  *See Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (*per curiam*).[5]  The complaint as written does not state a claim for relief of discrimination under the Rehabilitation Act.

Likewise, the complaint fails to allege retaliation under the Act.  To state a claim of retaliation, a plaintiff must show that he was engaged in statutorily protected expression and suffered a materially adverse employment action, and that the materially adverse action is causally linked to the exercise of protected expression.  *Garrett v. Univ. Ala. at Birmingham Bd. of Tr.*, 507 F.3d 1306, 1316 (11th Cir. 2007) (citation omitted).  If Plaintiff intends to rely on an EEOC complaint or other expression in support of retaliation, he must provide when, where, and how the expression was made.  He must also show an adverse employment action and identify the causal connection.

Even if Plaintiff could allege facts supporting a claim of discrimination or retaliation under the Rehabilitation Act, there is no indication he has exhausted his administrative remedies before filing this action.  Plaintiff does not state that he initiated any EEO action concerning the actions in 2023.  Federal employees are

---

[5] *See also Regina Height v. McDonough, Sec'y, Dep't of V.A.*, No. 8:19-cv-2753-MSS-JSS, 2023 WL 5266335, at *4 (M.D. Fla. July 27, 2023) (granting summary judgment for VA because employee could not proffer facts showing adverse employment actions were improper).

required to seek administrative review of alleged discrimination or retaliation with the agency with 45 days of the alleged discriminatory act. *Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008) (citing 29 U.S.C. § 749a(a)(1); 42 U.S.C. § 2000e-16(b); 29 C.F.R. § 1614.105(a)(1);[6] and *Mullins*, 228 F.3d at 1310–11).  If the initial contact is not made within 45 days,  the judicial claim is barred.  *Id*.

Finally, the complaint is additionally subject to dismissal because it does not comply with the pleading standards set forth in Rules 8 and 10.  Rule 8 establishes "[t]he bare minimum a plaintiff must set forth in his complaint."  *McCurry v. Metro. Life Ins. Co.*, 208 F. Supp. 3d 1251, 1255 (M.D. Fla. 2016).  The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 10 mandates that the complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim found on a separate transaction or occurrence . . . be stated in a separate count."  Fed. R. Civ. P. 10(b).  If Plaintiff chooses to replead his claims, he must adhere to these pleading requirements to avoid filing another impermissible "shotgun pleading."  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320–23 (11th Cir. 2015); *see also Barmapov*

---

[6] Section 1614.105(a)(1)—"Pre-complaint processing"— provides: "(a) Aggrieved persons who believe they have been discriminated against on the basis of . . . disability . . .must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter. (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory, or, in the case of personnel action, within 45 days of the effective date of the action."

*v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (deeming a complaint that violates Rules 8 and 10 to be shotgun pleading) (citation omitted).

### *Individual Defendants: Kennedy, Munshi, and Savage*

Plaintiff's claims against the individual Defendants in their official capacities are barred by sovereign immunity.  Lawsuits brought against employees in their official capacities are "against the official's office and thus the sovereign itself." *Lewis v. Clarke*, 581 U.S. 155, 162 (2017) (citations omitted).  As discussed in Defendants' motion, damage claims based on federal constitutional rights are not cognizable unless Congress has waived sovereign immunity.  *See* Dkt. 16 at 6–13; *Shivers v. United States*, 1 F.4th 924, 928 (11th Cir. 2021) (discussing FTCA[7] and *Bivens*[8] claims and their limited reach).

To the extent Plaintiff sues these Defendants in their individual capacities, neither the ADA nor the Rehabilitation Act permits suits brought against individuals.  *See Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (holding that ADA does not provide for individual liability); *Farrell v. U.S. Dep't of Justice*, 910 F. Supp. 615, 618 (M.D. Fla. 1995) (same as to Rehabilitation Act).[9]  In any event, Defendants Munshi and Savage were engaged in discretionary functions

---

[7] "FTCA" stands for the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1).
[8] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).
[9] *See also Hooker v. Wilkie*, No. 8:18-cv-696-VMC-TGW, 2018 WL 4107952, at *6 (M.D. Fla. Aug. 29, 2018) (dismissing individual defendant with prejudice and citing *Farrell*, 910 F. Supp. at 618).

10

when disciplining Plaintiff.  Because there are no factual allegations against Defendant Kennedy, it is unclear why this Defendant is named at all.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1) Defendants' Motion to Dismiss (Dkt. 16) is granted with leave to amend. The complaint (Dkt. 1-1) is dismissed without prejudice.

2) If Plaintiff chooses to replead, an amended complaint consistent with this Order must be filed within twenty-one (21) days.

3) Plaintiff's Motion for Summary Judgment (Dkt. 14) is denied without prejudice as premature.  A motion for summary judgment may not be filed and considered until the pleadings are closed.

**DONE AND ORDERED** at Tampa, Florida on August 23, 2023.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Plaintiff, *pro se*
Counsel of record

11